PENNYMAC LOAN SERVICES, LLC,  )
                             )
    Plaintiff,                )
                             )
v.                           )      No. 3:25-CV-86-TAV-JEM
                             )
JASON A. CROSSNO and         )
SECRETARY OF HOUSING AND     )
URBAN DEVELOPMENT,           )
                             )
    Defendants.               )

## MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Extension of Time to Serve Process [Doc. 17]. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 17**].

## I.    BACKGROUND

On February 28, 2025, Plaintiff filed its Complaint, naming Jason A. Crossno and the Secretary of Housing and Urban Development as Defendants [Doc. 1]. Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had until May 29, 2025, to serve Defendants. On June 4, 2025, the Court entered a Show Cause Order in response to Plaintiff's failure to serve process on Defendants and ordered it to provide evidence that Defendants had received service of process or otherwise show good cause as to why service was not made [Doc. 6 p. 1]. On June 16, 2025, the Court entered an Order of Dismissal due to Plaintiff's failure to respond to the Court's Show Cause Order [Doc. 7]. Plaintiff filed its Motion to Set Aside Dismissal on August 14, 2025, asking the Court to reopen the case as "the dismissal was the result of excusable neglect . . . [and]

would not prejudice the Defendants and that extraordinary circumstances justify reopening the case" [Doc. 8 ¶ 1]. Plaintiff explained that "Plaintiff's attorney has experienced unanticipated support staff turnover . . . which resulted in good faith oversights and omissions among its active caseload" [*Id.* ¶ 5]. Plaintiff further submitted that setting aside dismissal would not prejudice Defendants, as "[t]he case was dismissed at an early stage and Defendants have not expended significant resources, if any at all, in litigating the matter" [*Id.* ¶ 6]. Finding excusable neglect, the Court entered an Order to Reopen the case on October 31, 2025, and established a new service deadline of November 30, 2025 [Doc. 9 p. 7]. On November 26, 2025, Plaintiff filed a motion seeking an extension [Doc. 12]. The Court granted an additional sixty days to effectuate service of process and ordered that Plaintiff achieve service on or before January 29, 2026 [Doc. 13].

Plaintiff now seeks ninety additional days to achieve service [Doc. 17]. Plaintiff submits that "[d]espite diligent efforts, Plaintiff has been unable to effectuate personal service upon Defendant [Jason A. Crossno]" [*Id.* ¶ 5]. Plaintiff submits that the process server attempted service six times, and on the second attempt, left a "call me" notice [*Id.*]. On the third attempt, the process server saw that the notice had been removed [*Id.*]. On the fifth attempt, the process server "observed someone leaving the residence after failing to answer the door" [*Id.*]. Plaintiff has also mailed, under Rule 4.04(11) of the Tennessee Rules of Civil Procedure, a copy of the summons and Complaint to Defendant and is awaiting a return receipt [*Id.* ¶ 7]. Plaintiff submits that good cause has been shown to extend the service period [*Id.* ¶¶ 6–7].

II.     ANALYSIS

Plaintiff's request is governed by Rule 4(m) of Federal Rules of Civil Procedure:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without

> prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The United States Court of Appeals for the Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether the plaintiff has shown good cause for the failure to serve. *Id.* If the plaintiff has shown good cause, then the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether the plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999).

The Court finds an extension of time warranted. Plaintiff seeks ninety additional days. There is no evidence of prejudice to Defendants. Further, Plaintiff has demonstrated that "[d]espite [its] diligent attempts to effectuate service of process on the Defendants, it has been unable to do the same because Defendant Jason A. Crossno is likely taking efforts to evade service of process" [Doc. 17 ¶ 7]. Plaintiff's failure to serve Defendant Jason A. Crossno appears to be through no fault of its own. *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that the plaintiff established good cause to serve the defendant because the plaintiff had been diligent in attempting to locate and serve the defendant). Accordingly, given that Plaintiff has established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

But Plaintiff filed its motion after the deadline to serve. Pursuant to Rule 6(b)(1)(B), if "a party requests an extension of a deadline after that deadline has passed, the Court can grant an

3

extension only on a motion and upon a finding of good cause and excusable neglect." *Boyd v. City of Warren*, No. 16-12741, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) (citation omitted), *objections overruled sub nom.*, *Boyd v. McCabe*, No. 16-CV-12741, 2019 WL 3852582 (E.D. Mich. Aug. 16, 2019). There are four relevant factors to determine excusable neglect: "(1) the danger of prejudice to defendant[]; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within plaintiff's reasonable control; and (4) whether plaintiff acted in good faith." *Sydney v. Columbia Sussex Corp.*, No. 3:13-CV-312, 2014 WL 7156953, at *4 n.1 (E.D. Tenn. Dec. 15, 2014) (citation omitted). As noted, Plaintiff attempted to serve Defendant Crossno multiple times and has now mailed a copy of the summons and Complaint to Defendant Crossno under the Tennessee Rules of Civil Procedure. There appears to be no prejudice to Defendants in this action or any significant impact on judicial proceedings given its early posture, nor is there any evidence that Plaintiff has acted in bad faith. Indeed, on January 29, Plaintiff filed a motion for substituted service of process [Doc. 15], which the Court denied as moot [Doc. 16]. The Court finds an extension is warranted.

The Court therefore **GRANTS** Plaintiff's Motion for Extension of Time to Serve Process [**Doc. 17**]. Plaintiff **SHALL** serve Defendant Crossno on or before **April 29, 2026**. Given the previous extensions [*see* Docs. 9 and 13], the Court **ADMONISHES** Plaintiff that it is not likely to grant another extension absent extraordinary circumstances.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

4